UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

TITUS LORENZO ADAMS,   CASE NO. 08-11138-WSS

    Debtor.   Chapter 13

TITUS LORENZO ADAMS,

    Plaintiff,

v.   ADV. PROC. NO. 09-01014

HAINJE'S, INC.,

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Earl P. Underwood, Jr., Counsel for the Debtor
M. Warren Butler, Counsel for Hainje's, Inc.

This matter is before the Court on the Defendant's motion to dismiss this adversary proceeding.[1] The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. After considering the pleadings, briefs and arguments of counsel, the Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

The Debtor filed his chapter 13 petition on April 2, 2008, and included the Defendant, Hainje's Inc. ("Hainje's"), as a secured creditor on Schedule D. The Debtor's original plan allowed for a $62 payment to Hainje's as a secured creditor with a collateral value of $2,500. On

---

[1] The Defendant filed a motion to dismiss the original complaint (Dkt #8), and the Debtor subsequently amended the complaint. The present motion (Dkt #14) incorporates the Defendant's arguments from the original motion and deals with the Debtor's amended complaint.

1

April 14, 2008, Hainje's objected to its treatment in the Debtor's plan, but later withdrew the objection after the parties agreed to an increase to the collateral value to $2,838. Hainje's filed a proof of claim on June 12, 2008. The Court confirmed the Debtor's plan with full payment of Hainje's secured claim on August 28, 2008.[2]

Prior to filing his bankruptcy petition, the Debtor entered into a retail installment contract with Hainje's in 2005. On or about September 22, 2007, he refinanced his account. In the refinancing transaction, the Debtor alleges that Hainje's sold him credit life insurance and credit property insurance for $158.08. On January 29, 2009, the Debtor filed the present adversary proceeding alleging that Hainje's violated the Truth-in-Lending Act (TILA) as follows: (1) understating the finance charge in the Truth in Lending Disclosure Statement by not including the credit insurance as a finance charge; (2) overstating the amount financed by including the insurance charges in that calculation; (3) failing to clearly and conspicuously disclose that the insurance was not required by the creditor; (4) not having an affirmative written request for credit insurance after receiving disclosures; and (5) failing to disclose that Hainje's retained most of the premiums it charged with only a small portion going to a third party.

The original complaint sought "actual and statutory damages", attorney's fees, and litigation expenses and costs. After Hainje's filed a motion to dismiss based on statute of limitations and res judicata, the Debtor amended his complaint, alleging that Hainje's filed a proof of claim and changing his damage claim to "appropriate actual and statutory damages to be setoff against the secured claim of the defendant", attorney's fees, and litigation expenses and costs.

---

[2]The Court entered an amended order confirming the Debtor's chapter 13 plan to incorporate modifications to the plan filed on November 18, 2008. The modifications did not affect Hainje's or its secured claim.

Hainje's then filed a second motion to dismiss, again alleging statute of limitations and res judicata.

**CONCLUSIONS OF LAW**

Hainje's bases its motion to dismiss the Debtor's adversary complaint on two grounds: statute of limitations and res judicata. Under TILA section §1640(e), an affirmative action must be brought within one year of the date of the violation. 15 U.S.C. §1640(e). The violation takes place when the transaction is consummated. *In re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984), citing *Wachtel v. West*, 476 F.2d 1062 (6th Cir. 1973). The parties do not dispute that the alleged violation took place in September 2007, when the Debtor signed the documents to refinance his account. Since he filed his adversary proceeding in January 2009, the Debtor is clearly outside the one year statute of limitations for an affirmative TILA action.

The Debtor maintains that the TILA claim is timely because it is asserted defensively as recoupment or set off to Hainje's proof of claim. Section 1640(e) also provides that a person is not barred from claiming a violation of the statute in an action to collect the debt brought more than one year from the violation as a matter of defense by recoupment or set off. 15 U.S.C. 1640(e). The Debtor cites a line of cases including *Coxson v. Commonwealth Mort. Co. (Matter of Coxson)*, 43 F.3d 189 (5th Cir. 1995), which allowed a debtor to use a time-barred TILA claim as a counterclaim for recoupment to a creditor's proof of claim fourteen years after the loan transaction. See also *In re Jones*, 122 B.R. 246 (W.D. Pa. 1990); *Woolaghan v. United Mort. Serv. Inc. (In re Woolaghan)*, 140 B.R. 377, 383-84 (Bankr. W.D. Pa. 1992); and *Fryer v. Easy Money Title Pawn*, 172 B.R. 1020 (Bankr. S.D. Ga. 1994).

Hainje's points to a more recent line of cases from Alabama's bankruptcy courts which follow the Eleventh Circuit's interpretation of the defensive use of TILA claims as recoupment for

3

creditor's claims in bankruptcy as set out in *In re Smith*, 737 F.2d 1549, 1552-54 (11th Cir. 1984). The chapter 13 debtor in *Smith* asserted that although an affirmative action under TILA was outside the one year statute of limitations, the action for monetary damages could be maintained defensively on a recoupment theory. In rejecting the debtor's argument, the Eleventh Circuit focused on the purpose of recoupment as "[t]he right of a defendant, in the same action, to cut down the plaintiff's demand either because the plaintiff has not complied with some cross obligation of the contract on which he sues or because he has violated some duty which the law imposes on him in the making or performance of that contract." *Smith, 737 F.2d at 1552, n. 7.* The court held "[t]o qualify as recoupment a cause of action must be asserted defensively", and went on to find that the debtor's claim was not brought defensively because she "haled" the creditor into court seeking "affirmative relief for statutory violations." *Id.* at 1554 (emphasis omitted).

The bankruptcy court in *In re Jones*, 2008 WL 4830538 (Bankr. N.D. Ala.) noted the *Smith* decision's emphasis on the TILA claim being brought as defense of recoupment rather than an affirmative claim. "Recoupment is akin to an accounting between the parties based on their obligations owing one to the other in a common transaction. After the statute of limitations has lapsed, TILA section 1640(e) allows a consumer to *defend* a collection action by recoupment, not recover a judgment." *Jones*, 2008 WL 4830538 at *9 (emphasis in original). As in *Smith*, the court examined the procedural posture of the case and the relief sought in the debtor's complaint, finding "although the Plaintiffs use the word 'recoupment' in their Complaint, they demand a monetary judgment for damages. A demand for such a judgment is inconsistent with recoupment which is a defense." *Id.* The court also noted that the Plaintiffs did not seek a reduction of the Defendant's claim, and had included the full amount of claim in their confirmed plan. The court

4

concluded that the Plaintiffs' TILA claim was affirmative rather than a defensive recoupment claim, and therefore was barred by the applicable statute of limitations. See also *In re Sallings*, 2008 WL 4831636 (N.D. Ala.)*; In re Graves*, 2007 WL 824059 (Bankr. N.D. Ala.); and *In re Johnson*, 2008 WL 5120114 (Bankr. N.D. Ala.). But see also *In re Tarver*, 2007 WL 1876369 (Bankr. M.D. Ala.).

According to *Smith* and the subsequent decisions from the Northern District of Alabama, the Court must determine the true nature of the Debtor's TILA complaint- whether it is an affirmative action or a defensive claim for recoupment or setoff. The Debtor's original plan allowed for a $62 payment to Hainje's as a secured creditor with a collateral value of $2,500. When Hainje's objected to its treatment in the Debtor's plan, the Debtor did not assert his TILA claim as a defense but actually agreed to increase the value of the claim. After Hainje's filed a proof of claim on June 12, 2008, the Debtor did not object to the claim based on TILA and did not seek a setoff from the claim. In his original complaint, the Debtor sought a judgment for "actual and statutory damages", attorney's fees, and litigation expenses and costs. Only after Hainje's moved to dismiss the complaint did the Debtor amend it to include an allegation that Hainje's filed a proof of claim and change his damage claim to "appropriate actual and statutory damages to be setoff against the secured claim of the defendant". As in *Jones*, although the amended complaint says "setoff", it requests a judgment for actual and statutory damages. Further, the Debtor is the plaintiff in the adversary proceeding who has brought Hainje's into court to answer allegations of TILA violations. The Debtor is not in a defensive position asserting his right to setoff. The Debtor's confirmed plan provides for the full payment of Hainje's secured claim. As discussed below, the Debtor cannot claim a setoff against Hainje's claim after entry of the confirmation order. Based on the foregoing, the Court finds that the Debtor's TILA claim was

5

brought as an affirmative, not defensive, claim which is barred by the applicable statute of limitations.

As a second basis for its motion to dismiss, Hainje's argues that the confirmation of the Debtor's plan, which provides for payment of the total amount of Hainje's secured claim, prohibits the Debtor from asserting any TILA claims for setoff or recoupment under the doctrine of res judicata or claim preclusion. To establish res judicata, a party must show: "(1) the prior judgment must be valid in that it was rendered by a court of competent jurisdiction and in accordance with the requirement of due process; (2) the judgment must be final and on its merits; (3) there must be identity of both parties or their privies; and (4) the later proceeding must involve the same cause of action as involved in the earlier proceeding." *Jones*, 2008 WL 4830538 at *10 citing *In re Justice Oaks, II Ltd,* 898 F.2d 1544, 1549 (11th Cir. 1999). As to the first element, there is no question that the bankruptcy court has jurisdiction to enter the confirmation order. The court's docket indicates that the parties were provided notice of the plan and an opportunity to object in accordance with due process. Under the second element, "a court's order confirming a plan of reorganization is given the same effect as any district court's final judgment on the merits." *Justice Oaks II Ltd*, 898 F.2d at 1550. After Hainje's objected to the Debtor's plan, the parties reached an agreement on the value of Hainje's secured claim, which was incorporated into the Debtor's chapter 13 plan. The parties are the same for the confirmation hearing and the present adversary proceeding. Finally, the claims in the adversary proceeding and the confirmation were the same. The court in *Jones* noted that "[t]he amount of the claim owing to the Defendant as a secured creditor was an issue resolved under Section 1325(a)(5)(B) before the Plaintiffs were entitled to confirmation of their proposed plan and that same issue is at the core of this adversary proceeding." *Jones*, 2008 WL 4830538 at *10. This is also true in the present case. If the Debtor wanted to reduce Hainje's secured claim

6

through recoupment or setoff based on TILA, he should have addressed the matter prior to confirmation of his chapter 13 plan that provided full payment of Hainje's secured claim. "Once the court entered the confirmation order, the order bound the parties to its terms pursuant to §1327, which provides '[t]he provision of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.'" *In re Jones*, 2007 WL 1725593 (Bankr. N.D. Ala.) *13. See also *In re Graves,* 2007 WL 824059 (Bankr. N.D. Ala.) *6-*9 (holding debtors were precluded from raising TILA claims, even if defensive, after confirmation of chapter 13 plan which provided for full payment of creditor's secured claim). Therefore, the Court finds that even if the Debtor's TILA claim is not barred by the statute of limitations, the Debtor is prohibited from raising it due to the res judicata effect of the confirmation order.

Based on the foregoing, the Court finds that Hainje's motion to dismiss the Debtor's amended complaint is due to be granted, and the above-styled adversary proceeding is due to be dismissed. It is hereby

**ORDERED** that Hainje's motion to dismiss the Debtor's amended complaint is **GRANTED**, and the case is **DISMISSED** with prejudice.

Dated: April 28, 2009

*[signature]*
WILLIAM S. SHULMAN
CHIEF U.S. BANKRUPTCY JUDGE